HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
Although I do not agree that there was probable cause to arrest Sinclair, I conclude that Defendants Newman and Sanders were entitled to qualified immunity under the circumstances, and join in the affirmance of the grant of judgment on these claims for that reason. However, I would reverse the grant of judgment to Lauderdale County and remand for further proceedings on that claim.
Under Tennessee law, Sinclair could have been charged with accessory only if she “provid[ed] the offender with any means of avoiding arrest, trial, conviction or punishment.” Tenn. Code Ann. § 39-11-411. Regardless whether police had probable cause to arrest Stephen for escape, the materials available to police offered no information about Sinclair’s conduct after Stephen allegedly committed the crime by failing to report to the county jail after he was dismissed from the Rose of Sharon. The letter from the Rose of Sharon stated only that (1) Sinclair accompanied her son to meet the pastor, who was unavailable, (2) the pair went to the recovery center, where Stephen “was very *439 ugly and disrespectful,” and (3) Stephen was dismissed from the program. R. 25-2, Letter, PID 129. The Consent Order stated only that Sinclair would transport Stephen to and from the county jail. R. 38-3, Consent Order, PID 248^19. Based on these materials, Newman did not have probable cause to believe Sinclair was an accessory.
However, qualified immunity “gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law,” Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 689 (1991), and “[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.” Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (citation omitted); Cf. Harris v. Bornhorst, 513 F.3d 503, 511 (6th Cir. 2008) (“[A]n arresting agent is entitled to qualified immunity if he or she could reasonably (even if erroneously) have believed that the arrest was lawful, in light of clearly established law and the information possessed at the time by the arresting agent.”).
Here, police could have reasonably (if erroneously) believed there was probable cause. The letter from the Rose of Sharon and the Consent Order support the conclusion that Stephen committed escape, and the inference that Sinclair assisted her son in failing to report to the jail was not so unreasonable as to deprive the individual defendants of immunity. Further, police relied on the legal judgment of the prosecutor. Although we have made clear that an attorney’s blessing does not shield an investigator from liability, e.g., Cochran v. Gilliam, 656 F.3d 300, 309 (6th Cir. 2011); Silberstein v. City of Dayton, 440 F.3d 306, 318 (6th Cir. 2006), the prosecutor’s instruction to obtain an arrest warrant supports the reasonableness of the mistake under these circumstances. Cf. Kijonka v. Seitzinger, 363 F.3d 645, 648 (7th Cir. 2004). Thus, although there was no probable cause to arrest Sinclair, I conclude that the individual defendants are entitled to qualified immunity.
However, that defense is not available to Defendant Lauderdale County. “A municipality or other local government may be liable under [§ 1983] if the governmental body itself ’subjects’ a person to a deprivation of rights or ’causes’ a person ’to be subjected’ to such deprivation.” Connick v. Thompson, 563 U.S. 51, 60 (2011). However, “local governments are responsible only for ’their own illegal acts,’ ” and are not vicariously liable for their employees’ actions. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus, ’Plaintiffs who seek to impose liability on local governments under § 1983 must prove that ’action pursuant official municipal policy' caused their injury,” id. at 60-61 (quoting Monell v. N.Y.C. Dep’t of Soc. Servs., 436 U.S. 658, 691 (1978)), and a “single unconstitutional act or decision, when taken by an authorized decisionmaker, may be considered a policy and thus subject a county to liability.” Bible Believers v. Wayne County, 805 F.3d 228, 260 (6th Cir. 2015) (en banc).
Plaintiff has supported her claim that the sheriff “establishes Lauderdale County policy with respect to the arresting and detention of persons in the Lauderdale County Jail,” and that he “instructed” an investigator “to sign an Affidavit of Complaint” charging Plaintiff, but “did not independently review the materials ... to determine whether they established probable cause.” R. 39-1, Defs.’ Resp. to Pl.’s Statement of Undisputed Facts, PID 346-47. Plaintiff has sufficiently demonstrated issues of material fact as to whether the sheriff made “a ’deliberate choice to follow *440 a course of action ... from among various alternatives’ ” that was “the moving force behind the cause of the plaintiffs harm.” Burgess v. Fischer, 735 F.3d 462, 479 (6th Cir. 2013) (quoting Pembaur, 475 U.S. at 483).